73 F.3d 380
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Dorothy C. COATES, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3588.
 United States Court of Appeals, Federal Circuit.
 Dec. 11, 1995.
 
 Before NEWMAN, LOURIE, and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Dorothy C. Coates petitions for review of the final decision of the Merit Systems Protection Board, Docket No. PH0831940154-I-1, affirming the Office of Personnel Management's decision denying her request for survivor annuity benefits. Because substantial evidence supports the board's decision that Coates did not establish entitlement to an annuity, we affirm.
 
 DISCUSSION
 
 2
 Lawrence Coates retired from government service on September 16, 1965. At that time, he submitted an application for retirement in which he stated that he was not married. Moreover, he indicated on his application that he wished to receive a full annuity with no reduction for a survivor annuity. For the next 27 years, he received an unreduced annuity.
 
 
 3
 On January 26, 1993, Lawrence Coates applied for a survivor annuity for Dorothy Coates. The application specifically indicated that the form he was submitting should be filled out "[i]f you want to elect a survivor annuity for a spouse you married after retirement." Moreover, Lawrence Coates attached a copy of a "Certificate of Marriage," which indicated that the Coateses were married on September 10, 1992. On March 12, 1993, Lawrence Coates died of cancer.
 
 
 4
 On May 12, 1993, Dorothy Coates applied for spouse survivor annuity benefits. OPM denied her request because she had not met the nine-month marriage requirement for entitlement to a survivor annuity. See 5 U.S.C. Sec. 8341(a)(1)(A) (1994). Coates requested reconsideration, arguing that she and Lawrence Coates had a valid common-law marriage for over forty years, but OPM continued to deny benefits.
 
 
 5
 On appeal to the board, an administrative judge affirmed OPM's decision. The AJ found that Dorothy Coates had failed to establish a valid common-law marriage to Lawrence Coates. Therefore, the AJ denied benefits because Dorothy did not meet the nine-month marriage requirement for a survivor annuity. The AJ's initial decision became final when the board denied Coates's petition for review. 5 C.F.R. Sec. 1201.113(b) (1995). Coates now petitions this court for review.
 
 
 6
 On appeal, Coates argues that substantial evidence does not support the board's conclusion that she did not have a valid common-law marriage with Lawrence Coates. She further argues that the formal marriage ceremony in 1992 was undertaken to remove any doubt concerning the long-existing common-law marriage. In support, Coates submits letters from her son and granddaughter.
 
 
 7
 Our review is limited by statute. We may reverse the board's decision denying Coates a survivor annuity only if it was arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 8
 Here, Lawrence Coates represented in his retirement application in 1965 and in his post-retirement application for a spouse survivor benefit in 1993 that he was not married until September 10, 1992. The agency properly relied on that representation.
 
 
 9
 Moreover, even assuming that we agreed with Coates that a common-law marriage had existed since 1953, OPM still properly denied Coates's request for a spouse survivor annuity for Dorothy as a newly acquired spouse. On January 26, 1993, Lawrence Coates requested an annuity for Dorothy Coates as a newly acquired spouse, using a form prescribed for that purpose. If Lawrence and Dorothy Coates did have a valid common-law marriage from 1953 (i.e., before his retirement in 1965), Dorothy Coates would not have been entitled to a spouse survivor annuity as a newly acquired spouse.
 
 
 10
 We sympathize with Dorothy Coates's plight. However, Lawrence Coates elected to receive and did receive a higher, unreduced annuity for twenty-seven years based on statements that he was not married. He benefited from that election during the time Dorothy now claims she was married to him. Whether or not Dorothy as a common-law spouse would have been entitled to a spouse survivor annuity if Lawrence had acted differently, and under what conditions, is of course not before us. We cannot now order OPM to provide Dorothy Coates benefits for which she is not entitled. See Office of Personnel Management v. Richmond, 496 U.S. 414, 426 (1990) (judicial use of equity cannot grant a respondent money from the Treasury that Congress has not authorized). Thus, we affirm.